IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK JAMES BYRNE, JR., : No. 3:25-CV-0709
    Plaintiff :
  : (Judge Munley)
v. :
  :
MCINTYRE, et al., :
    Defendants :

## MEMORANDUM

Plaintiff Frank James Byrne, Jr., initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that multiple officials at the State Correctional Institution, Rockview ("SCI-Rockview") violated his constitutional rights. Upon required screening under 28 U.S.C. § 1915A(a), the court will dismiss Byrne's complaint without prejudice for failure to exhaust administrative remedies.

### I. BACKGROUND

At all relevant times to the instant lawsuit, Byrne was incarcerated at SCI-Rockview. (Doc. 3 at 2, 10). He recounts that, on February 20, 2025, he attempted to hang himself in his cell. (Id. at 10). He alleges that three corrections officers—McIntyre, Hardaker, and Busch—responded and, instead of helping him, utilized excessive force against him. (Id.) Specifically, he asserts

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

that these officers kicked him in the head and chest, stomped on his ankle, slammed his head into the ground, punched him, and elbowed him while he was handcuffed on the floor of his cell. (Id. at 10, 11). Byrne further alleges that corrections lieutenant Sassaman witnessed the event and took no action to intervene or stop the assault and instead simply shook his head and walked away. (Id. at 10-11).

Byrne was then taken to the medical department and examined by LPN Lena. (Id. at 12). He alleges that she refused to send him to the hospital for treatment despite the marks from his attempted hanging and the assault. (Id.)

Byrne asserts that he filed grievance number 1133838 regarding the incident. (See id. at 16-17). He notes that the grievance is "still under investigation" and that prison officials have requested an initial extension of time to respond. (Id. at 17).

Byrne filed his Section 1983 lawsuit in the United States District Court for the Eastern District of Pennsylvania on April 2, 2025. (See id. at 21). The Eastern District promptly transferred the case to this court, as the alleged events occurred in the Middle District of Pennsylvania. (See Doc. 5). Byrne's complaint is now properly before the court for preliminary screening as required by 28 U.S.C. § 1915A(a).

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits

3

attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Byrne proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

4

standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Byrne, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Byrne has likely alleged constitutional violations against some of the named Defendants. However, it is plainly apparent from the face of his complaint that he has not exhausted his administrative remedies, and therefore this court cannot yet consider his Section 1983 lawsuit.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e *et seq.*, requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations. See id. § 1997e(a); Ross v. Blake, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted). Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Failure to properly exhaust generally results in the claim being procedurally defaulted and unreviewable. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). The exhaustion process a prisoner must follow is governed by the contours of the

prison grievance system in effect where the inmate is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Woodford, 548 U.S. at 90-91.

Pennsylvania's Department of Corrections (DOC) employs a three-step grievance process that must be completed to properly exhaust administrative remedies in most cases. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 305-06 & n.4 (3d Cir. 2020); COMMONWEALTH OF PA., DEP'T OF CORR., INMATE GRIEVANCE SYS., Policy No. DC-ADM 804 (May 1, 2015) (hereinafter "DC-ADM 804"). If informal resolution attempts do not resolve the problem, the first step is to file a written grievance (using form DC-804, Part 1) with the Facility Grievance Coordinator within 15 working days after "the event upon which the claim is based." DC-ADM 804 § 1(A)(3)-(5), (8). An adverse decision by the grievance coordinator may be appealed to the Facility Manager within 15 working days of the initial-review response or rejection. Id. § 2(A)(1). Finally, an adverse decision by the Facility Manager may be appealed to "Final Review" with the Secretary's Office of Inmate Grievances and Appeals (SOIGA), and again must be submitted within 15 working days of the date of the Facility Manager's decision. Id. § 2(B)(1).

The DOC has specific requirements for grievances submitted by inmates. Those requirements include, among other conditions, that the grievance "be legible [and] understandable"; "include a statement of the facts relevant to the

claim" as well as "the date, approximate time, and location of the event(s) that gave rise to the grievance"; that the inmate "specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law"; that the prisoner "identify individuals directly involved in the event(s)"; and that the grievance sets forth "the specific relief sought," including "compensation or other legal relief normally available from a court." Id. § 1(A)(11).

Generally, failure to exhaust administrative remedies is an affirmative defense, not a pleading requirement. See Jones, 549 U.S. at 216. Nevertheless, when it is apparent from the face of the complaint that a plaintiff has failed to administratively exhaust a claim, dismissal may be appropriate based on failure to state a claim. See Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). This includes sua sponte dismissal for failure to state a claim. See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (citations omitted); Booth v. Churner, 206 F.3d 289, 290–91, 300 (3d Cir. 2000) (affirming district court's sua sponte dismissal where prisoner-plaintiff conceded in his complaint that he did not exhaust administrative remedies); Pena-Ruiz v. Solorzano, 281 F. App'x 110, 112 n.3 (3d Cir. 2008) (nonprecedential) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the

defendant, we have recognized that a district court has the inherent power to dismiss *sua sponte* a complaint . . . which facially violates a bar to suit.").

Here, Byrne has plainly alleged that the administrative exhaustion process is ongoing. As he states in his complaint, grievance number 1133838 is still under investigation and prison officials have requested additional time to respond. (See Doc. 3 at 17). Thus, from the face of his complaint, it is clear that Byrne has not exhausted administrative remedies. Consequently, his complaint must be dismissed without prejudice under Section 1915A(b)(1) for failure to state a claim upon which relief may be granted. See Ray, 285 F.3d at 293, n.5; Ball, 726 F.3d at 460; Caiby v. Haidle, 785 F. App'x 64, 65 (3d Cir. 2019) (nonprecedential) ("Sua sponte dismissal for failure to exhaust may be warranted when a plaintiff expressly concedes that failure on the face of the complaint.").

## IV.   CONCLUSION

Based on the foregoing, the court will dismiss without prejudice Byrne's complaint pursuant to Section 1915A(b)(1). Byrne may refile his lawsuit after he has exhausted available administrative remedies, a mandatory prerequisite to seeking relief in federal court. An appropriate order follows.

Date: 5/23/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court